UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

VINCENT MACALUSO,                                    Civ. Act. No.: 10 CV 5283 (RJH)

                                    Plaintiff,
                                                     **ANSWER TO COMPLAINT**

                    -against-

JPMORGAN CHASE LONG-TERM DISABILITY           DOCUMENT
PLAN and HARTFORD LIFE INSURANCE              ELECTRONICALLY FILED
COMPANY,

                                    Defendants.
----------------------------------------------------------------X

Defendants, JPMORGAN CHASE LONG-TERM DISABILITY PLAN and HARTFORD

LIFE INSURANCE COMPANY ("Hartford"), by its attorneys, Sedgwick, Detert, Moran &

Arnold LLP, as and for its Answer to plaintiff's Complaint, respectfully set forth the following

upon information and belief:

## JURISDICTION & VENUE

FIRST.        The allegations in paragraph "1" of the Complaint relate to questions of

law, to which no response is required.  To the extent a response is required, defendants admit this

Court has subject matter jurisdiction over this matter.

SECOND.        Deny each and every allegation contained in paragraph "2" of plaintiff's

Complaint as alleged, and respectfully refer all questions of law to the Honorable Court, except

admit plaintiff exhausted all administrative remedies.

THIRD.        The allegations in paragraph "3" of the Complaint relate to questions of

law, to which no response is required.  To the extent a response is required, defendants admit

venue is proper in this District.

NY/600131v1

FOURTH.     Deny each and every allegation contained in paragraph "4" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan Documents for the terms, conditions, limitations and exclusions set forth therein, except admit JPMorgan Chase Bank ("JPMC") is the Plan Administrator and that venue is proper in this District.

## NATURE OF ACTION

FIFTH.     Deny each and every allegation contained in paragraph "5" of plaintiff's Complaint as alleged, and respectfully refer all questions of law to the Honorable Court, except admit Hartford issued Group Policy No. GLT-675174 to JPMorgan Chase Bank to fund benefits under its employee welfare benefit plan (the "Plan") and deny that plaintiff is entitled to disability income benefits under the terms and conditions of the Plan.

SIXTH.               Deny each and every allegation contained in paragraph "6" of plaintiff's Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms, conditions, limitations and exclusions set forth therein, except admit the Plan provides long term disability ("LTD") coverage for eligible employees of JPMC, and that ERISA applies to this action.

SEVENTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, and respectfully refer all questions of law to the Honorable Court, except admit that JPMC purchased a group policy of insurance from Hartford to fund benefits under the Plan.

EIGHTH.     Deny each and every allegation contained in paragraph "8" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

NINTH.       Deny each and every allegation contained in paragraph "9" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

## STANDARD OF REVIEW

TENTH.       Deny each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, and respectfully refer all questions of law to the Honorable Court, except admit JPMC purchased a group policy of insurance to fund benefits under the Plan.

ELEVENTH.       Deny each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, except admit a trust was never created or funded by JPMC for the LTD Plan because the Plan is fully insured by a group policy of insurance issued by Hartford.

TWELFTH.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiff's Complaint.

THIRTEENTH.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Complaint.

FOURTEENTH.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of plaintiff's Complaint.

FIFTEENTH.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of plaintiff's Complaint.

SIXTEENTH.       Deny each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged, except admit a trust was never created or funded by JPMC for the LTD Plan because the Plan is fully insured by a group policy of insurance issued by Hartford.

SEVENTEENTH.       Deny each and every allegation contained in paragraph "17" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

EIGHTEENTH.        Deny each and every allegation contained in paragraph "18" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

NINETEENTH.        Deny each and every allegation contained in paragraph "19" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

TWENTIETH.             Deny each and every allegation contained in paragraph "20" of plaintiff's Complaint.

TWENTY-FIRST.     Deny each and every allegation contained in paragraph "21" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

## THE PARTIES

TWENTY-SECOND.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "22" of plaintiff's Complaint.

TWENTY-THIRD.          Deny each and every allegation in paragraph "23" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit the Plan is an employee welfare benefit plan and that JPMorgan Chase Bank is the named Plan Administrator.

TWENTY-FOURTH.        Deny each and every allegation in paragraph "24" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Hartford is duly licensed to conduct the business of insurance in New York and has its principal place of business in Simsbury, Connecticut.

## STATEMENT OF FACTS

TWENTY-FIFTH.          Deny each and every allegation in paragraph "25" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by

Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff was a participant in the LTD Plan.

TWENTY-SIXTH.          Deny each and every allegation in paragraph "26" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SEVENTH.          Deny each and every allegation in paragraph "27" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-EIGHTH.          Deny each and every allegation in paragraph "28" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-NINTH.   Deny each and every allegation in paragraph "29" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff was a participant in the LTD Plan.

THIRTIETH.        Deny each and every allegation in paragraph "30" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

THIRTY-FIRST.        Deny each and every allegation in paragraph "31" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

THIRTY-SECOND.        Deny each and every allegation in paragraph "32" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

THIRTY-THIRD.        Deny each and every allegation in paragraph "33" of plaintiff's Complaint.

THIRTY-FOURTH.        Deny each and every allegation in paragraph "34" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff was a participant in the LTD Plan.

THIRTY-FIFTH.        Deny each and every allegation in paragraph "35" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

THIRTY-SIXTH.      Deny each and every allegation in paragraph "36" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SEVENTH.      Deny each and every allegation in paragraph "37" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein, except admit the Plan includes an Elimination Period of 182 consecutive days commencing on the date the insured becomes disabled.

THIRTY-EIGHTH.      Deny each and every allegation in paragraph "38" of plaintiff's Complaint.

THIRTY-NINTH.      Deny each and every allegation in paragraph "39" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FORTIETH.      Deny each and every allegation in paragraph "40" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FORTY-FIRST.      Deny each and every allegation in paragraph "41" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and

respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FORTY-SECOND.          Deny each and every allegation in paragraph "42" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FORTY-THIRD.     Deny each and every allegation in paragraph "43" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the LTD Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FORTY-FOURTH.          Deny each and every allegation in paragraph "44" of plaintiff's Complaint.

FORTY-FIFTH.     Deny each and every allegation in paragraph "45" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SIXTH.     Deny each and every allegation in paragraph "46" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SEVENTH.          Deny each and every allegation in paragraph "47" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-EIGHTH.          Deny each and every allegation in paragraph "48" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-NINTH.          Deny each and every allegation in paragraph "49" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTIETH.          Deny each and every allegation in paragraph "50" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FIRST.          Deny each and every allegation in paragraph "51" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the

regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-SECOND.     Deny each and every allegation in paragraph "52" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-THIRD.     Deny each and every allegation in paragraph "53" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FOURTH.     Deny each and every allegation in paragraph "54" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FIFTH.     Deny each and every allegation in paragraph "55" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-SIXTH.        Deny each and every allegation in paragraph "56" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-SEVENTH.          Deny each and every allegation in paragraph "57" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-EIGHTH.        Deny each and every allegation in paragraph "58" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-NINTH.        Deny each and every allegation in paragraph "59" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

SIXTIETH.        Deny each and every allegation in paragraph "60" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the

regular course of business for the contents thereof as to the facts and circumstances recorded therein.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION

SIXTY-FIRST.        Deny each and every allegation in paragraph "61" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-SECOND.        Deny each and every allegation in paragraph "62" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-THIRD.        Deny each and every allegation in paragraph "63" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-FOURTH.            Deny each and every allegation in paragraph "64" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and

circumstances recorded therein, except admit that Hartford began paying plaintiff LTD Plan benefits effective October 9, 2007.

SIXTY-FIFTH.        Deny each and every allegation in paragraph "65" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that by letter dated April 16, 2009, Hartford determined that plaintiff no longer met the LTD Plan's definition of Disability as of that date and that no further benefits were payable.

SIXTY-SIXTH.        Deny each and every allegation in paragraph "66" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit Hartford did not send plaintiff for an independent medical examination.

SIXTY-SEVENTH.        Deny each and every allegation in paragraph "67" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit Dr. Topper and Dr. Rater did not examine plaintiff.

SIXTY-EIGHTH.        Deny each and every allegation in paragraph "68" of plaintiff's Complaint.

SIXTY-NINTH.        Deny each and every allegation in paragraph "69" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court,

and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff submitted an administrative appeal to Hartford by his counsel's letter dated November 30, 2009, which also attached further materials in support of plaintiff's claim.

SEVENTIETH.      Deny each and every allegation in paragraph "70" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that by letter dated February 8, 2010 Hartford advised plaintiff of its decision to uphold its original determination that he no longer met the Plan's definition of Disability as of April 16, 2009.

SEVENTY-FIRST.      Deny each and every allegation contained in paragraph "71" of plaintiff's Complaint.

SEVENTY-SECOND.      Deny each and every allegation contained in paragraph "72" of plaintiff's Complaint, except admit Drs. Ricker and Brenman never examined plaintiff.

SEVENTY-THIRD.      Deny each and every allegation in paragraph "73" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit Hartford did not send plaintiff for an independent medical examination.

SEVENTY-FOURTH.       Deny each and every allegation in paragraph "74" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff received Social Security Disability Benefits ("SSDI") from Social Security Administration ("SSA") but deny that this award is determinative of plaintiff's claim for LTD benefits under the Plan.

SEVENTY-FIFTH.       Deny each and every allegation contained in paragraph "75" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

SEVENTY-SIXTH.       Deny each and every allegation contained in paragraph "76" of plaintiff's Complaint.

SEVENTY-SEVENTH.       Deny each and every allegation contained in paragraph "77" of plaintiff's Complaint.

SEVENTY-EIGHTH.       Deny each and every allegation contained in paragraph "78" of plaintiff's Complaint.

SEVENTY-NINTH.       Deny each and every allegation contained in paragraph "79" of plaintiff's Complaint.

EIGHTIETH.       Deny each and every allegation contained in paragraph "80" of plaintiff's Complaint.

EIGHTY-FIRST.       Deny each and every allegation contained in paragraph "81" of plaintiff's Complaint.

EIGHTY-SECOND.       Deny each and every allegation contained in paragraph "82" of plaintiff's Complaint.

EIGHTY-THIRD.          Deny each and every allegation contained in paragraph "83" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

EIGHTY-FOURTH.          In response to paragraph "84" of plaintiff's Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "83" inclusive, with the same force and effect as if more fully set forth at length herein.

EIGHTY-FIFTH.          Deny each and every allegation contained in paragraph "85" of plaintiff's Complaint.

EIGHTY-SIXTH.          Deny each and every allegation contained in paragraph "86" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

EIGHTY-SEVENTH.          Deny each and every allegation contained in paragraph "87" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

EIGHTY-EIGHTH.          Deny each and every allegation contained in paragraph "88" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court, except admit JPMC purchased a group policy of insurance from Hartford to fund benefits under its LTD Plan and granted full discretionary authority to Hartford to both interpret all Plan terms and make all benefit decisions under the Plan.

EIGHTY-NINTH.          Deny each and every allegation contained in paragraph "89" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court, except admit JPMC purchased a group policy of insurance from Hartford to fund benefits under its LTD Plan and granted full discretionary authority to Hartford to both interpret all Plan terms and make all benefit decisions under the Plan.

NINETIETH.        Deny each and every allegation contained in paragraph "90" of plaintiff's Complaint.

NINETY-FIRST.         Deny each and every allegation contained in paragraph "91" of plaintiff's Complaint.

NINETY-SECOND.         Deny each and every allegation contained in paragraph "92" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Hartford, as the Claims Administrator for the LTD Plan, acted as a fiduciary only when, and to the extent that it exercised discretionary authority under the Plan.

NINETY-THIRD.         Deny each and every allegation contained in paragraph "93" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Hartford, as the Claims Administrator for the LTD Plan, acted as a fiduciary only when, and to the extent that it exercised discretionary authority under the Plan.

NINETY-FOURTH.         Deny each and every allegation contained in paragraph "94" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Hartford, as the Claims Administrator for the LTD Plan, acted as a fiduciary only when, and to the extent that it exercised discretionary authority under the Plan.

NINETY-FIFTH.         Deny each and every allegation contained in paragraph "95" of plaintiff's Complaint.

NINETY-SIXTH.         Deny each and every allegation contained in paragraph "96" of plaintiff's Complaint.

NINETY-SEVENTH. .        Deny each and every allegation contained in paragraph "97" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

NINETY-EIGHTH.          Deny each and every allegation contained in paragraph "98" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Hartford, as the Claims Administrator for the LTD Plan, acted as a fiduciary only when, and to the extent that it exercised discretionary authority under the Plan.

NINETY-NINTH.           Deny each and every allegation contained in paragraph "99" of plaintiff's Complaint.

ONE HUNDREDTH.          Deny each and every allegation contained in paragraph "100" of plaintiff's Complaint.

## OBJECTION TO JURY DEMAND

ONE HUNDRED FIRST.        Defendants object to plaintiff's Jury Demand because he is not entitled to a trial by jury of any claim asserted against these answering defendants.  DeFelice v. International Assurance Co. of New York, 112 F.3d 61 (2d Cir. 1997); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2d Cir. 1996).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

ONE HUNDRED SECOND.        This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Hartford and the Plan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ONE HUNDRED THIRD.        The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

ONE HUNDRED FOURTH.        Hartford acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for his claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

ONE HUNDRED FIFTH.        All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

ONE HUNDRED SIXTH.        Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

ONE HUNDRED SEVENTH.        Plaintiff has not properly pled a claim for attorney's fees under ERISA.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED EIGHTH.        Defendant Hartford, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for

benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Hartford is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Defendant's decision making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

ONE HUNDRED NINTH.          To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Hartford determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

ONE HUNDRED TENTH.          The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Hartford in the regular course of its business.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

ONE HUNDRED ELEVENTH.          Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWELFTH.          To the extent necessary, defendants deny all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTEENTH.        Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to Hartford's evaluation of plaintiff's claim for Long Term Disability benefits under the applicable Plan documents.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED FOURTEENTH.        Plaintiff's breach of contract cause of action and requests for legal damages are completely preempted by ERISA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED FIFTEENTH.        Plaintiff's request for attorney's fees in premature and improper because he has not achieved any success on the merits.

**WHEREFORE**, defendants Hartford and the Plan pray:

1.  That the action be dismissed, or that judgment be entered in favor of defendants Hartford and the Plan and against plaintiff;
2.  That defendants Hartford and the Plan be awarded costs of suit incurred herein;
3.  That defendants Hartford and the Plan be awarded reasonable attorney's fees; and
4.  That defendants Hartford and the Plan be awarded such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 10, 2010

                                    Respectfully Submitted,


                                    s/
                                    _____
                                    MICHAEL H. BERNSTEIN (MB-0579)
                                    SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                    125 Broad Street, 39th Floor
                                    New York, New York 10004-2400
                                    Telephone: (212) 422-0202
                                    Facsimile:  (212) 422-0925
                                    (SDMA File No. 2489-000089)
                                    *Attorneys for Defendants*
                                    HARTFORD LIFE INSURANCE COMPANY and
                                    JPMORGAN CHASE LONG-TERM DISABILITY
                                    PLAN

TO:
John W. DeHaan, Esq.
DeHAAN BUSSE, LLP
300 Rabro Drive East, Suite 101
Hauppauge, New York 11788
Tel.:  (631) 582-1200
Fax:  (631) 582-1228
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (for HARTFORD LIFE INSURANCE COMPANY and JPMORGAN CHASE LONG-TERM DISABILITY PLAN) was served **ECF and Regular Mail** on September 10, 2010, upon the following:

John W. DeHaan, Esq.
DeHaan Busse, LLP
300 Rabro Drive East, Suite 101
Hauppauge, New York 11788
Tel.:  (631) 582-1200
Fax:  (631) 582-1228
***Attorneys for Plaintiff***

s/
_____
MICHAEL H. BERNSTEIN (MB-0579)

NY/600131v1

23