USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/3/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
VINCENT MACALUSO,

      Plaintiff,

 – against –

JP MORGAN CHASE LONG-TERM
DISABILITY PLAN and HARTFORD LIFE
INSURANCE COMPANY,

      Defendants.
------------------------------------------------------X

Civil Action No.:
10 Civ. 5283(RJH)(DF)

**PROPOSED DISCOVERY PLAN**

    Pursuant to this Court's Initial Scheduling Conference Notice & Order, filed September 21, 2010, the parties, through counsel, have conferred and submit this Proposed Discovery Plan:

1. **DESCRIPTION OF THE CASE**

 a. **Attorneys of Record:**

| For Plaintiff | For Defendants |
|---|---|
| John W. DeHaan | Michael H. Bernstein |
| DEHAAN BUSSE LLP | SEDGWICK, DETERT, MORAN & ARNOLD, LLP |
| 300 Rabro Drive | 125 Broad Street |
| Suite 101 | 39th Floor |
| Hauppauge, New York 11788 | New York, New York 10004-2400 |
| Telephone: (631) 582-1200 | Telephone: (212) 422-0202 |
| Facsimile: (631) 528-1232 | Facsimile: (212) 422-0925 |

 b. **Basis for Federal Jurisdiction:** Jurisdiction of the Court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f), which give the District Court jurisdiction to hear actions brought to recover benefits due under the terms of an employee welfare benefit plan, as well as 28 U.S.C. §1331, which gives the Court jurisdiction over federal questions.

 c. **Asserted Claims & Counter-Claims:**

  • Plaintiff's first cause of action seeks to recover benefits due him as a third party beneficiary of the group disability insurance policy issued by Defendant, Hartford Life Insurance Company ("Hartford"), to Defendant, JP

Page 1 of 7

        Morgan Chase Long-Term Disability Plan (the "LTD Plan"), under the Employee Retirement Income Security Act of 1974 ("ERISA").

- Plaintiff's second cause of action seeks, in the alternative, to recover disability benefits due him as a plan participant of LTD Plan under ERISA.
- In the event Plaintiff is a prevailing party, he also seeks an award of attorneys' fees under 29 U.S.C. §1132(g).
- Defendants have not asserted any counter-claims.

**d.**     **Legal & Factual Issues:**

- <u>Plaintiff's Statement</u>:

Plaintiff was employed at JP Morgan Chase as a Project Manager, coordinating and managing the technology groups that supported all trading desks and the back office. He became disabled on April 9, 2007, as a result of Multiple Sclerosis. He applied for Social Security disability benefits, and his claim was approved. His claim for disability benefits under the LTD Plan was initially approved by Hartford, and he received benefits through April 16, 2009, when the carrier denied the claim. While Hartford was paying benefits, it deducted the amount of Mr. Macaluso's Social Security benefits from the amount it paid him, receiving a financial benefit from the claimant's Social Security award.

Hartford based its denial on the opinions of record review doctors, none of whom ever met or examined Mr. Macaluso. Hartford gave no consideration to the findings of the Social Security Administration on the question of disability, despite the facts that: (a) Hartford's definition of disability was significantly less stringent that the definition used by Social Security; and (b) Hartford received a financial benefit from the claimant's Social Security award.

After exhausting the LTD Plan's review process, Mr. Macaluso commenced this lawsuit. His first cause of action seeks to recover benefits as a third party beneficiary of the group disability insurance policy issued by Hartford to the LTD Plan. This is a marked contrast to JP Morgan's other employee welfare benefit plans, for which actual trusts were set up. As a third party beneficiary

claim under a contract, this claim is a legal, not equitable, claim. As such, Mr. Macaluso should be entitled to a jury on this claim.

In the alternative, Plaintiff's second cause of action seeks to recover disability benefits under a traditional ERISA cause of action – even though the fallacy of an ERISA trust is so blatant in this action.

- Defendants' Statement:

Plaintiff, Vincent Macaluso ("Macaluso"), was enrolled in a long-term disability plan (the "LTD Plan") sponsored by his then-employer, JPMorgan Chase Bank ("Chase"). The LTD Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq*. Defendant, Hartford Life And Accident Insurance Company ("Hartford"), issued a group policy of insurance to fund benefits under the LTD Plan. Hartford was designated as the Plan's claim administrator and is vested with discretionary authority to interpret the Plan terms and determine eligibility. Macaluso stopped working as a Chase "MAC Project Manager" on April 9, 2007, and applied for LTD benefits in August of 2007, claiming to be disabled as a result of the exacerbation of symptoms caused by Multiple Sclerosis. Hartford granted Macaluso's claim for benefits at the time. Hartford approved Macaluso's LTD benefits from August 2007 through April 15, 2009. However, as of April 16, 2009, Hartford determined that Macaluso could perform the Essential Duties of his own occupation after reviewing his recent medical records, a surveillance video, an interview of the claimant, and two independent peer medical record review consultant reports. Macaluso pursued an administrative appeal and Hartford received two new independent peer medical record review consultants' reports, which found Macaluso functionally, cognitively and mentally able to perform the Essential Duties of his own occupation. Hartford reviewed the records in the claim file and the independent peer medical record review consultants' reports and determined that its initial decision should be upheld, finding that Macaluso failed to demonstrate that he was disabled from his own occupation as that term is defined under the LTD Plan. Accordingly, Hartford's adverse benefit determination was based on

full and fair review and not arbitrary or capricious. Therefore, the Court cannot disturb Hartford's determination concerning Macaluso's claim.

Macaluso argues that the Social Security Administration's finding of disability is either binding on or must be given special deference by Hartford. But this argument has been continuously rejected by the United States Supreme Court and this Circuit. *See* Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003). *See also* Durakovic v. Building Service 32 BJ Pension Fund, --- F.3d ---, No. 09-cv-3651, 2010 WL 2519645, *6 (2d Cir. June 24, 2010); Hobson v. Metropolitan Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009) 91-92; Pagan v. NYNEX Pension Plan, 52 F.3d 438, 443 (2d Cir. 1995). It is well-settled in this Circuit that a claims "administrator making discretionary determinations as to eligibility is not bound by the determination of the Social Security Administration." Rudolph v. Joint Indust. Bd. of the Electrical Indust., 137 F. Supp. 2d 291, 300 (S.D.N.Y. 2001) (citing Kunstenaar v. Connecticut General Life Ins. Co., 902 F.2d 181, 184 (2d Cir. 1990)). Similarly, this Circuit has previously rejected Macaluso's argument that Hartford, although not required by the Plan, should have obtained an Independent Medical Examination. *See* Hobson v. Metropolitan Life Ins. Co., 574 F.3d 75 (2d Cir. 2009).

In addition to his claims under ERISA, Macaluso sets forth a state law breach of contract claim in his complaint. However, this state law cause of action must fail as a matter of law because it is completely preempted by ERISA. ERISA's preemption clause states "[e]xcept as provided in [the Saving Clause] . . . [ERISA shall] supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. §1144(a). ERISA §502(a)(1)(B) provides the exclusive remedy for plaintiff's claims, which is to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) (emphasis added). Since 1987, the United States Supreme Court has recognized that Congress deliberately provided a limited set of remedies to ERISA participants and that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others

under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). Notably, despite Macaluso's baseless assertion, the Supreme Court in Pilot Life did not make a distinction between self-funded employee welfare benefit plans and those funded by insurance policies. *Id.* at 44; *see also* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)(decided the same day and finding complete preemption in a breach of contract claim). In Pilot Life, the Supreme Court held:

> ERISA comprehensively regulates, among other things, employee welfare benefit plans that 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death.

Pilot Life, 481 U.S. at 44 (emphasis added).

Therefore, state law claims that relate to the administration of an employee welfare benefit plan are completely preempted by ERISA. *See* Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004).

In addition, Hartford objects to Plaintiff's Jury Demand because he is not entitled to a trial by jury of any claim asserted against these answering defendants. DeFelice v. International Assurance Co. of New York, 112 F.3d 61 (2d Cir. 1997); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2d Cir. 1996).

    e.    **Relief Sought:** Plaintiff seeks to recover his past due disability benefits, along with a reinstatement of his ongoing claim. If successful, Plaintiff will also seek an award of attorneys' fees.

The Defendants will seek an award of attorneys' fees if they achieve success on the merits."

2.    **CASE MANAGEMENT PLAN:**
    a.    **Pending Motions:** No motions are currently pending.
    b.    **Deadline for Joinder of Additional Parties:** November 8, 2010.
    c.    **Deadline to Amend Pleadings:** November 8, 2010.

     **d.**    **Discovery Schedule:**

          i.    Deadline for Rule 26(a)(1) Disclosures: On or before October 22, 2010.

          ii.    Deadline to Complete Factual Discovery: April 1, 2011.

          iii.    Deadline for Rule 26(a)(2) Disclosures: February 4, 2011.

          iv.    Deadline for Expert Discovery Disclosures:

- Expert Reports Shall Be Exchanged on or before March 4, 2011.
- Expert Depositions Shall Be Completed on or before April 1, 2011.
- The Defendants do not believe that expert opinions outside the administrative record are appropriate in this ERISA 502(a)(1)(B) case.

     **e.**    **Dispositive Motions:** Requests for pre-motion conference for summary judgment motions shall be made on or before May 6, 2011.

     **f.**    **Deadline for Filing Final Pretrial Order:** The later of June 3, 2011, or thirty (30) days following a decision on dispositive motions.

     **g.**    **Trial Schedule:**

          i.    Plaintiff requests a jury trial. Defendant asserts that a jury trial is not permitted.

          ii.    Probable Length of Trial: Two (2) to three (3) days.

          iii.    Trial Ready Date: The later of July 8, 2011, or thirty (30) days after the filing of the Final Pre-trial Order.

**3.**    **PROCEEDINGS BEFORE A MAGISTRATE JUDGE:** The parties do **not** unanimously consent to a trial before a Magistrate Judge.

**4.**    **STATUS OF SETTLEMENT DISCUSSIONS:**

     a.    The parties have discussed settlement.

b.  Plaintiff conveyed a settlement offer to Defendants on October 21, 2010, and is awaiting a response.

c.  At this point, the parties do not request a settlement conference, but this may change as discussions progress.

Dated: October 25, 2010
Hauppauge, New York

DeHaan Busse LLP

By: _____
John W. DeHaan, Esq.
300 Rabro Drive
Suite 101
Hauppauge, New York 11788
Telephone: (631) 582-1200
Facsimile: (631) 528-1232

Dated: October 25, 2010
New York, New York

Sedgwick, Detert, Moran & Arnold, LLP

By: _____
Michael H. Bernstein, Esq.
125 Broad Street
39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

A status conference shall be held on April 8, 2011 at 10 am.

PTC  04/08/11 @ 10:00

SO ORDERED.

_____
Richard J. Holwell, U.S. D.J.

11/1/10